IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Alex Cage, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 26 C 8154 |
| Corelle Brands Acquisition Holdings, et al., | ) | |
| Defendants. | ) | |

# Memorandum Opinion and Order

Alleging injuries sustained from his Instant Pot pressure cooker, plaintiff Alex Cage commenced a products liability lawsuit in the Circuit Court of Cook County. Defendant Midea America Corporation ("Midea America") removed the suit to federal court. Before me is Cage's motion to remand. Because Cage's citizenship is insufficiently established to determine whether I enjoy diversity jurisdiction, Cage's motion is held in abeyance and both Corelle and Cage will be directed to submit supplemental jurisdictional information. If complete diversity is not established, the case will be remanded.

I.

Cage filed suit in state court against defendants Corelle; Midea America; Foshan Shunde Midea Electrical Heating Appliances Manufacturing Co., LTD.; Guangdong Midea Consumer Electric Manufacturing Company, LTD.; Zhejiang Tianxi Kitchen Appliance Co., LTD.; Midea Electric Trading 2 (Singapore) Co. Pte, LTD.; and Walmart Inc. In his complaint, Cage alleged that Corelle is a Delaware limited liability corporation with a principal place of business in Illinois, Midea America is a New Jersey corporation with a principal place of business in New Jersey, Walmart is a Delaware corporation with a principal place of business in Arkansas, and the other defendants are foreign corporations with a principal place of business in a foreign country. Compl., ECF 1-2 at 4–8, 10.

Midea America removed the case to federal court on diversity jurisdiction grounds. Midea America asserted that despite Corelle's principal place of business being in Illinois, removal was appropriate because Corelle was a nominal defendant, and Corelle's citizenship therefore need not be considered for diversity purposes. Cage filed a motion to remand, arguing that Corelle was not a nominal defendant for the purposes of diversity jurisdiction, making removal inappropriate under the forum defendant rule. In Midea America's response in opposition, it argued for the first time that Corelle was not a citizen of

Illinois. To support its position, Midea America submitted a declaration by Jamie Keller, "the CFO for Anchor Hocking Company, a company that is affiliated with [Corelle]." Keller Decl., ECF 15-1 at 1. The Keller Declaration stated that "[t]he sole member of Corelle Brands Acquisition Holdings LLC is Universal Tabletop, Inc. . . . Universal Tabletop, Inc., is incorporated in Delaware and has its principal place of business in Columbus, Ohio." *Id.*

In his reply, Cage did not dispute the information contained in the Keller Declaration and replied only that "Corelle's managers, Instant Brands Holding Inc. ("Instant Brands"), are citizens of Illinois." ECF 18 at 2. On the same day that Cage filed his reply, Corelle filed its corporate disclosure statement, in which it stated that it is an LLC with one member, Universal Table Top, Inc., a Delaware corporation with its principal place of business in Ohio. ECF 20 at 1.

Corelle joined Midea America in opposing the motion to remand. The next day, Cage voluntarily dismissed Midea America from the case. Cage's motion to remand is still opposed by Corelle.

II.

The first question before me is whether removal was improper because it violated the forum defendant rule. A civil action that is otherwise removable on the basis of diversity jurisdiction may not be removed if any defendant is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b)(2).

The parties disagree on whether Corelle is a citizen of Illinois. Corelle asserts that Corelle is a citizen of Delaware and Ohio because its sole member is a citizen of Delaware and Ohio. Cage argues that the forum defendant rule still bars removal because Corelle's manager, Instant Brands Holdings Inc., is a citizen of Illinois. ECF 18 at 2.

"[A] limited liability company . . . is a citizen of every state of which any member is a citizen." *Mut. Assignment & Indemnification Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). Corelle is an LLC. Because it is the citizenship of an LLC's members and not its managers that dictates the LLC's citizenship, Corelle is a citizen of Delaware and Ohio. The forum defendant rule is therefore inapplicable because Corelle is not a citizen of Illinois. 28 U.S.C. § 1441(b)(2).

Cage suggests that the reasoning in *Perez v. Corelle Brands Acquisition Holdings*, No. 1:26-CV-8141, 2026 WL 3015680 (N.D. Ill. Oct. 7, 2026), one of the many other Instant Pot cases pending in this district, should govern my decision. The procedural history in *Perez* is similar to this case: Perez filed suit in state court, defendant Midea America removed the case on the basis that Corelle was a nominal defendant, Perez moved to remand, and Midea America filed its response in opposition to Perez's motion to remand. *Id.* at *1. In contrast to this case, Midea America did not include the Keller Declaration in its response in *Perez* and instead moved for

leave to file the Keller Declaration ten days after filing its response. *Id.* at *2. The *Perez* court denied the motion seeking leave to file the supplemental declaration for the following reasons: (1) Corelle and Keller failed to "establish[] a sufficient foundation to establish the trustworthiness of Mr. Keller's information," (2) the Keller declaration would not be sufficient to determine Corelle's citizenship, and (3) allowing Corelle to file the Keller Declaration would unduly prejudice Perez. *Id.* at *2–3.

I find *Perez* inapposite due to the differences in the record. Here, Corelle has filed its corporate disclosure statement affirming its citizenship in Ohio and Delaware, which it failed to do in *Perez*. 2026 WL 3015680, at *3. Second, unlike in *Perez*, Midea America asserted that Corelle was not an Illinois citizen and submitted the Keller Declaration in its response to plaintiff's motion to remand. Unlike Perez, Cage had an opportunity to reply to and dispute Midea America's assertion that Corelle's sole member is a citizen of Ohio and Delaware. He did not take the opportunity. Cage chose only to make the unpersuasive argument that the forum defendant rule still applies because of the citizenship of Corelle's manager.

I decline to follow *Perez* in remanding the case for failure to comply with the forum defendant rule.

III.

I also independently consider whether I have jurisdiction over this case. "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

It is currently unclear whether I have jurisdiction. The notice of removal asserts diversity jurisdiction. As discussed above, Corelle is a citizen of Ohio and Delaware. However, the notice of removal stated only that "Plaintiff does not allege his place of residence or citizenship, but on information and belief, Plaintiff is not a citizen of Florida or New Jersey or any of the places where the other defendants are alleged to be citizens in Paragraphs 10-29 of the Complaint." ECF 1 at 3.

Pleading solely "on information and belief" is insufficient to establish diversity jurisdiction. *AbbVie Inc. v. Payer Matrix, LLC*, No. 1:23-CV-2836, 2023 WL 12067605, at *1 (N.D. Ill. Dec. 4, 2023) ("[A]sserting jurisdiction on the basis of 'information and belief' is insufficient to invoke diversity jurisdiction." (citations omitted)); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (holding that a jurisdictional affidavit made "to the best of my knowledge and belief" was insufficient for establishing diversity

jurisdiction); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (expressing doubts as to whether plaintiff's allegation of defendant's citizenship "upon information and belief" would suffice to show diversity jurisdiction). It is also insufficient to allege only that the plaintiff does not share citizenship with any defendant—the citizenship of each party must be affirmatively set forth. *See Johnson v. Nat'l Asset Advisors, LLC*, 772 F. App'x 328, 329 (7th Cir. 2019).

Diversity jurisdiction has not been established in this case because the notice of removal is based on information and belief and does not allege the citizenship of the plaintiff.

IV.

For the foregoing reasons, I hold Cage's motion to remand in abeyance. I direct Corelle to file a supplemental jurisdictional statement establishing the citizenship of the plaintiff and each named defendant within the next seven days. *See McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998); *see also* Min. Entry, *Lizarraga v. Corelle Brands Acquisition Holdings*, No. 1:26-CV-8135 (N.D. Ill. Oct. 9, 2026), Dkt. No. 19 (requiring Corelle to file a supplemental jurisdictional statement establishing the citizenship of all parties). I also direct Cage to file a disclosure statement, as required under Rule 7.1(a)(2) of the Federal Rules of Civil Procedure, within the next seven days. If complete diversity is not established, the case will be remanded.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge
Dated: November 5, 2026